BARNEY v. BARNEY. See Cases Nos. 18,230 and 18,308.

## Case No. 18,230.

### BARNEY v. DE KRAFT.

[2 Hayw. & H. 404.] [1]

Circuit Court, District of Columbia. Oct. 21, 1862.

JUDGMENT—EXTRA TERRITORIAL EFFECT—GUARDIANSHIP—JURISDICTION OF ORPHANS' COURT—CHANCERY.

1. A personal judgment or decree obtained in any state over a non-resident, who has not been served with process within the state, has no extra territorial validity and does not come within the operation of the 4th article of the constitution, declaring the effect within one state of judicial proceedings in another state.

2. The will of the maternal grandfather, which declares that his estate should be held by trustees, in trust for his daughter and heirs, free from the control or disposal of any husband she might have and exempt from his debts, contracts or engagements, does not affect the right of the husband to the guardianship of his infant children.

3. Whenever our statutes use the term "guardian," the father, although in one sense the natural guardian, is never to be included, unless there be something more which imperatively demands that it should be embraced by the expression.

4. The orphans' court has no jurisdiction to inquire whether a father be a fit person to be intrusted with the personal custody and education of his children; its jurisdiction as to him extends only to the due care and management of the infant's estate.

5. Where, for any reason, a father becomes incompetent or unfit to act as the natural guardian of his children, the remedy is in a court of chancery.

Appeal from orphans' court.

At law.

[Proceeding by Samuel Chase Barney against John W. De Kraft, next friend of Samuel C. Barney, Jr., and other minor children of Samuel Chase Barney and Mary E. De Kraft (formerly Barney), deceased.]

[See De Kraft v. Barney, 2 Black (67 U. S.) 704; Same v. Same, Case No. 18,288; and In re Lindsley, Case No. 18,308.]